**Harun Manou HUTAPEA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–0986–ag.**

United States Court of Appeals, Second Circuit.

Nov. 15, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

H. Raymond Fasano, New York, NY, for Petitioner.

Michael B. Mukasey, Attorney General, Carl H. McIntyre, Assistant Director, Paul

Fiorino, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Harun Manou Hutapea, a native and citizen of Indonesia, seeks review of the February 12, 2007 order of the BIA affirming the June 23, 2005 decision of Immigration Judge ("IJ") William F. Jankun denying Hutapea's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harun Manou Hutapea*, No. A96 423 778 (B.I.A. Feb. 12, 2007), *aff'g* No. A96 423 778 (Immig. Ct. N.Y. City, June 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA adopted and affirmed the IJ's denial of relief, without addressing the IJ's adverse credibility finding. Because the BIA did not reach the merits of the IJ's adverse credibility finding, it is unclear whether it adopted or rejected it. Regardless, because the burden of proof finding is dispositive here, we assume Hutapea's credibility. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir.2005) (assuming, without determining, an applicant's credibility for purposes of reviewing the BIA's decision). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive un-

less any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Hutapea's argument that the agency failed to consider the cumulative significance of his past experiences is without merit. The agency found that Hutapea's past harassment and discrimination at the hands of Indonesian Muslims did not rise to the level of persecution. Hutapea does not identify a particular part of the BIA's or IJ's ruling in which the alleged incidents were evaluated in isolation and deemed insufficient to amount to persecution. *Cf. Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 290 (2d Cir.2007). To the extent that Hutapea disagrees with the agency's conclusion that the cumulative effect of his experiences was not sufficiently severe to constitute persecution, the record here does not "compel" a finding contrary to the agency's. *Zhou Yun Zhang,* 386 F.3d at 73 & n. 7; *see also Matter of A–M–,* 23 I. & N. Dec. 737, 739–40 (BIA 2005) (finding that the applicant, an ethnic Chinese Christian Indonesian, had not demonstrated past persecution). The incidents Hutapea describes-including being insulted, robbed, and otherwise harassed by Muslim Indonesians-are unfortunate, but we find no error in the agency's determination that they do not constitute persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) ("[P]ersecution does not encompass mere harassment.").

Regarding a future threat, Hutapea alleges that the evidence of record demonstrates a "pattern or practice of persecution" of Christians in Indonesia. 8 C.F.R. § 1208.13(b)(2)(iii). However, the most recent U.S. State Department report in the record, the 2004 International Religious Freedom Report on Indonesia, reflects the findings of the agency: while religious violence between Muslims and Christians continues in parts of Indonesia, the government is taking affirmative steps to stop such violence and to promote interreligious tolerance. In light of the foregoing, substantial evidence supports the agency's finding that Hutapea failed to demonstrate that there is a pattern or practice of persecution of Christians in Indonesia. *See Matter of A–M–,* 23 I. & N. Dec. at 741. As such, the agency's denial of his asylum claim was not improper.

Because Hutapea was unable to show the objective likelihood of persecution needed to support an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006). Finally, because Hutapea failed to challenge the denial of his CAT claim either before the agency or this Court, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.